# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE No. CF 0275-08 |
| | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| LESTER A ANASTACIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Honorable Judge Michael J. Bordallo for a revocation of probation hearing on May 9, 2014. The People are represented by Assistant Attorney General Richelle Yu. Defendant, is represented by Assistant Alternate Public Defender Jeffery L. Warfield Sr. After considering the evidence and the file herein the Court hereby grants the People's request to revoke Defendant's probation.

## BACKGROUND

In this case, on November 10, 2008, a Criminal Judgment entered. It acted to:

1. Defer the Court's acceptance of Defendant's plea of guilty for a period of five years;
2. Suspend the Court's sentence that Defendant serve a term of 5 years at the Department of Corrections in Mangilao, with 90 days credit for time served;
3. Order Defendant to pay a fine of $1,000.00 towards the Criminal Injuries Compensation Fund, plus court costs;
4. Order Defendant to pay full restitution if any; and
5. Order Defendant to be placed on supervised probation for a period of 5 years.

In the Court's November 10, 2008 order it imposed the following terms and conditions of probation:

1. Defendant shall perform 150 hours of community service work under the direction of the Alternative Sentencing Office;

2. Defendant shall stay away, directly and indirectly from the victim, Eunice Towai, and shall not contact the same by telephone, in writing, and or through a third party, including a family member or friend;

3. Defendant shall not come within 500 feet of the victim, Eunice Towai;

4. Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of the victim, Eunice Towai, or any other specified place, and shall not come within 500 feet of the above specified places;

5. Defendant shall not attend any function and or establishment, including family and or social functions, if he knows or becomes aware that the victim Eunice Towai, will be present. Upon becoming aware of the victim's presence, or planned presence, the Defendant shall immediately leave the function and or establishment;

6. Defendant shall not harass, annoy, molest, threaten, physically strike, or injure the victims Eunice Towai and Wendy James;

7. Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Adult probation Office;

8. Defendant shall report to the Client Services and Family Counseling Division of the court for intake and assessment. The Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, individual counseling, group counseling and or family counseling;

9. Defendant shall report to the Alternative Sentencing Office to attend and successfully complete Anger Management classes and shall pay the fee for the program;

10. Defendant shall report to the Alternative Sentencing Office to attend and successfully complete Parenting Classes and shall apply the fee for the program;

11. Defendant shall attend and successfully complete an alcohol treatment program and shall pay the $200.00 tuition fee for the program or attend and successfully complete other counseling programs recommended by the Court;

12. Defendant shall not consume any alcoholic beverages or any illegal drugs, and shall not enter any establishments whose primary business is the sale of alcoholic beverages;

13. Defendant shall permit probation officers to search his person, residence, and vehicles for alcoholic beverages and illegal drugs, at any time such a search is requested. Failure to allow such a search will be considered a violation of probation;

14. Defendant shall stay away from all firearms. Defendant shall not live in any residence where firearms are present and shall stay away from all firearms and other deadly weapons,

and under no circumstances will he possess, carry, transfer or use any firearms;

15. Defendant shall forfeit his firearm identification card if any to the court and shall not reapply for another one;

16. Defendant shall permit probation officers to search his person residence and vehicles for any firearms, alcoholic beverages, or illegal drugs, and any time such a search is requested. Failure to allow such a search will be considered a violation of probation;

17. Defendant shall turn in his passport and or other travel documents to the Clerk of Court;

18. Defendant shall not leave Guam without the approval of the court or Adult Probation Office of the Department of Corrections, with prior notice being given to the Office of the Attorney General, Prosecution Division;

19. Defendant shall comply with any other condition imposed by the court or the Adult Probation Office of the Department of Corrections;

20. Defendant shall comply with any court orders entered against the Defendant, including orders of the family court or any other local or federal court of competent jurisdiction; and

21. Defendant shall obey all local and federal laws.

On October 30, 2013, Matthew G. Calvo, Probation Officer of the Superior Court of Guam filed a paper entitled, 7th Violation Report.[1] In it Mr. Calvo asserts that Defendant was

---

[1] A summary of the reports of Defendant's previous violations follows:

1. On February 23, 2009, Probation Officer Vincent Duenas filed a paper entitled 1st Violation Report asserting Defendant had:
   i.   Failed to start IOP with DMHSA and never went back to get his PPD results;
   ii.  Failed to attend and complete ASMP classes;
   iii. Failed to attend and complete ATP classes;
2. On April 3, 2009, Probation Officer Vincent Duenas filed a paper entitled 2nd Violation Report asserting Defendant had failed to obey all local and federal laws and asserting that Defendant was magistrated in Superior Court of Guam Case No. CF0121-09 for Aggravated Assault;
3. On March 2, 2011, Probation Officer Vincent Duenas filed a paper entitled 3rd Violation Report asserting Defendant:
   i.   Failed to pay fines and court costs;
   ii.  Failed to attend ATP classes;
   iii. Failed to attend ASMP classes;
   iv.  Failed to pay ATP tuition;
   v.   Failed to pay ASMP tuition;
   vi.  Failed to obey all local and federal laws and asserting that Defendant was magistrated in Superior Court of Guam Case No. CM177-11 for Child Abuse, Family Violence, and Assault;

sentenced on September 28, 2008 to a five year period of probation for the offenses of: Aggravated Assault, as a 3rd Degree Felony, and Family Violence, as a Misdemeanor. During the period of his probation Mr. Calvo asserts that Defendant violated the terms of his probation as follows:

1. Defendant failed to attend and complete the Alcohol Treatment Program, only attending one of the five required sessions;
2. Defendant failed to make Alcohol Treatment Program tuition fee payments, making no payment toward the $200.00 balance;
3. Defendant failed to attend and complete the Anger and Stress Management Program, only attending one of the five required sessions;
4. Defendant failed to make Anger and Stress Management Program tuition fee payments, making no payment toward the $150.00 balance;
5. Defendant failed to report to the Guam Behavioral Health and Wellness Center for intake and assessment;
6. Defendant failed to attend and complete Parenting Classes;
7. Defendant failed to make fine and court cost payments, making no payments toward his $1,000.00 fine and $40.00 court cost balance.

4. On May 7, 2012, Probation Officer Melanie W. Brennan filed a paper entitled 4th Violation Report that asserted Defendant:
   i.     Failed to make any payments to fines/court costs;
   ii.    Failed to complete ATP sessions;
   iii.   Failed to complete ASMP sessions;
   iv.    Failed to make any payment to ATP tuition;
   v.     Failed to make any payment to ASMP tuition;
   vi.    Failed to attend ICP sessions as recommended by Client Services;
   vii.   Failed to attend Parenting Classes as recommended by Client Services;
   viii. Failed to report to Mental Health as recommended by Client Services;
5. On January 14, 2013, Probation Officer Jay J. Perez filed a paper entitled 5th Violation Report asserting Defendant had failed to obey all laws and asserting that Defendant was magistrated in Superior Court of Guam Case No. CF0714-12 with Stalking, as a 3rd Degree Felony; and
6. On January 14, 2013, Probation Officer Jay J. Perez filed a paper entitled 6th Violation Report asserting Defendant failed to refrain from harassing the victim, Ms. Wendy James, attempting to contact her on her mobile phone five times on January 8, 2013, requesting visitation on January 9, 2013, and contacting her at work on January 10, 2013.

At the hearing the People also asserted that Defendant had violated conditions 2-6 and 21 of his probation agreement. In support of this the People introduced testimony of the victim where she described an incident when, during the time he was serving the above probation, Defendant assaulted her and several incidents when Defendant contacted her by text message through a third party. The People also introduced evidences that Defendant had several other criminal charges filed and magistrated against him during his period of probation.

## DISCUSSION

Sections 80.66 of Title 9 of the Guam Code regulates the consideration and revocation of a defendant's probation. 9 GCA §80.66 (2013). It provides,

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
> (1) upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest.
> (2) the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or resentence the offender.
>
> . . . .
> (b) When the court revokes a suspension or probation, it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted.

*Id.* In 2005 the Guam Supreme Court discussing this section held that, "the revocation court may only revoke probation if it determines that revocation will best satisfy the ends of justice and the best interests of the public." *People v. Manila*, 2005 Guam 6 ¶ 31. Guam law has yet to establish the burden of proof under which the facts supporting the above finding must be presented and found. A review of the U.S. Federal law reveals that statutorily this burden has been set at a preponderance of the evidence. 18 U.S.C § 3583(e)(3) (2013). After reviewing the U.S. Federal Court's application of this burden of proof to its revocation proceedings, the Court

finds that the application of this burden to the standard set forth by the Guam Supreme Court to be persuasive. *People v. Manila*, 2005 Guam 6 ¶ 31.[2]

In this case the Court finds that sufficient evidence has been presented for it to appropriately find that Defendant violated terms 2-6 and 8-12 of the conditions of his probation.[3] During the term of his probation Defendant contacted, harassed and assaulted the victim. He further failed to make adequate court fine and cost payments, report to Guam Behavioral Health for intake and assessment and attend and pay for the: Alcohol Treatment Program, Anger and Stress Management Program, and Parenting classes.[4] Accordingly the revocation of his probation will best satisfy the ends of justice and the best interests of the public. *People v. Manila*, 2005 Guam 6 ¶ 31.

//

//

[2] A further review of U.S. Federal and State law reveals that this this burden of proof is also routinely applied to factual findings which support the Defendant's commission of a crime or allegations that Defendant failed to obey the law. At the hearing this Court imprudently found a showing of a failure to obey the law, for purposes of a revocation proceeding must be supported by a conviction or accepted plea of guilt. 18 U.S.C § 3583(e)(3) (2013); *U.S. v. Carlton*, 442 F.3d 802, 809-11 (2nd Cir. 2006). While it is true, that a review of U.S. case law reveals that revocation proceedings are often supported by finding of criminal convictions, such a showing is not required to meet the applicable and common revocation standard. *Id.*

[3] In addition the Court notes that in violating the listed terms of Defendant's probation he also violated terms: numbered 3, 4, 9 and 14 of his Order of Conditional Release in Superior Court of Guam Case No. CM0177-11; numbered 3, 4, 9 and 14 of Superior Court of Guam Case No. CF0714-12; and numbered 4, 9 and 14 of the instant matter.
[4] Defendant was given further time to submit evidences of payment or of attending or completing classes and failed to submit any evidence within the time provided.

## CONCLUSION

Based on the foregoing, the People's request is GRANTED. The People shall be allowed to present further evidence of Defendant's failure to obey the law at the sentencing hearing in this matter. Further Proceedings are set for _June 7,_ 2014 at _9:00_ _a_.m.

SO ORDERED, this _23_ day of _May_ 2014.

_____

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam